IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCULUS INNOVATIVE SCIENCES, INC., | No. C-08-4707 MMC |
| Plaintiff, | **ORDER DIRECTING ALL PARTIES TO FILE DOCUMENTS IN ENGLISH; STRIKING MANGOTICH'S NOVEMBER 24, 2009 FILING; EXTENDING DEADLINE FOR MANGOTICH TO FILE RESPONSE TO COMPLAINT; DIRECTIONS TO PLAINTIFF** |
| v. | |
| PRODINNV, S.A. de C.V. and CESAR MANGOTICH PACHECO, | |
| Defendants | |

On February 2, 2010, the above-titled action was reassigned from Magistrate Judge Bernard Zimmerman to the undersigned. In reviewing the file, the Court has noted several problems, which the Court lists and addresses below.

First, as Magistrate Judge Zimmerman himself noted in his order filed November 24, 2009, the response to the complaint filed by defendant Cesar Mangotich Pacheco ("Mangotich") on November 24, 2009 is written in the Spanish language.[1] In said order, Magistrate Judge Zimmerman observed that where a party has filed a document in a language other English, courts generally require the document to be refiled in the English language. Finding such a requirement was appropriately imposed in the instant action,

---

[1] Although plaintiff Oculus Innovative Sciences, Inc. ("Oculus") has submitted what Oculus asserts is an English translation of Mangotich's response, the Court cannot accept a translation submitted by an opposing party under the circumstances presented. Moreover, the translation submitted by Oculus is only a partial translation because it does not include a translation of the six exhibits attached to the response.

Magistrate Judge Zimmerman directed Mangotich to file, no later than December 21, 2009, an English translation of the November 24, 2009 filing. To date, however, Mangotich has not complied with Magistrate Judge Zimmerman's order. This Court finds the requirement imposed by Magistrate Judge Zimmerman is appropriate, and, further, should be imposed as to all filings in this action and made applicable to all parties. Accordingly, the Court hereby DIRECTS all parties hereto to file all documents in English. To the extent, however, an exhibit written in a language other than English is submitted in support of another filing, such exhibit may be filed, provided that the party submitting such exhibit also submits therewith an English translation of its content.

In light of the above ruling, Mangotich's November 24, 2009 response to the Complaint is hereby STRICKEN and the Court hereby EXTENDS to March 12, 2010 the deadline for Mangotich to file his response in English. Mangotich is hereby ADVISED that if he fails to file a response in the English language by March 12, 2010, a default judgment may be entered against him.[2]

Second, a review of the docket indicates that although Oculus has filed several documents after November 24, 2009, the date on which Mangotich appeared herein, Oculus has failed to file proof that it served any such document on Mangotich. Mangotich is apparently proceeding pro se and, consequently, does not receive service of documents filed electronically through the district court's Electronic Case Filing system. Accordingly, although Oculus shall continue to electronically file its documents, Oculus must also mail a paper copy of any filing to Mangotich and shall file with the Clerk of the Court proof of such service. See Civil L.R. 5-6(a).

**IT IS SO ORDERED.**

Dated: February 11, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Further, as Magistrate Judge Zimmerman advised Mangotich in the November 24, 2009 order, defendant Prodinnv, S.A. de C.V. cannot represent itself in federal court and must retain counsel in order to appear herein, and its default may be entered if it fails to appear. This advisement continues to be in effect.

2