IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCULUS INNOVATIVE SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRODINNV, S.A. DE C.V., and CESAR MANGOTICH PACHECO, <br><br> Defendants. | No. C 08-4707 MMC <br><br> **ORDER DEFERRING RULING ON APPLICATION FOR DEFAULT JUDGMENT; AFFORDING PLAINTIFF OPPORTUNITY TO SUPPLEMENT APPLICATION; DENYING REQUEST FOR HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is plaintiff Oculus Innovative Sciences, Inc.'s ("Oculus") Application for Entry of Default Judgment against defendants Prodinnv, S.A. de C.V. and Cesar Mangotich Pacheco ("defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, filed June 1, 2010.  Although defendants have not appeared in the action, defendants were served with a copy of the motion, (see Attachment to Motion ("Certificate of Service by Mail") at 2), and no opposition has been filed.[1]  On September 2, 2010, Oculus filed a Request for Continuance of Case Management Statement and for a Hearing Date on Application for Entry of Default Judgment.

Upon entry of default,[2] "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  See Televideo Systems, Inc. v.

---

[1] Pursuant to Civil Local Rule 7-3(a), any opposition was to be filed no later than June 18, 2010.

[2] The Clerk entered the default of each defendant on April 28, 2010.

1  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  In its complaint, Oculus alleges that
2  defendants misappropriated and wrongfully used, both in the United States and Mexico,
3  Oculus's confidential information relating to Oculus's Microcyn technology and product.
4  (See Compl. ¶¶ 11-14, 22-29.)  Based thereon, Oculus asserts state law claims for breach
5  of contract, misappropriation of trade secrets, interference with contract and with
6  prospective economic advantage, and unfair competition.
7        In its Application, Oculus seeks an award of damages "in the amount of
8  $15,078,327," as well as "a permanent injunction against Defendants, prohibiting them from
9  continued misappropriation of Plaintiff's Confidential Information and continued
10  infringement of Plaintiff's products."  (See Pl.'s Appl., filed June 1, 2010, at 2:23-27.)
11  **I.  Calculation of Oculus's Losses**
12        In support of its claim for damages, Oculus offers the declaration of Robert Miller
13  ("Miller"), who attests therein that "Oculus has suffered damages in the amount of
14  $15,078,327, including past historical, future damages and capitalized continuing loss" (see
15  Miller Decl. ¶ 6); attached to Miller's declaration are spreadsheets purporting to detail
16  Oculus's losses (see Ex. A. to Miller Decl.).  Oculus's showing is deficient in several
17  respects.
18        First, although Miller states he has personal knowledge of the matters contained in
19  his declaration, that he has been Oculus's Chief Financial Officer since 2003, and that he
20  prepared the spreadsheets attached to his declaration (id. at ¶¶ 1-3), he does not establish
21  a sufficient foundation for how he arrived at the figures therein.  See, e.g., KW Plastics v.
22  U.S. Can Co., 131 F. Supp. 2d 1265, 1274 (M.D. Ala. 2001) (holding, witness testifying as
23  to lost profits "cannot simply assert conclusions; his testimony must rest upon an
24  antecedent predicate and foundation"; finding, general manager's "conclusory statements
25  about [plaintiff's] profit margin, costs of production, equipment and labor costs,
26  depreciation, total cost, and the like are inadmissible without a better foundation").  Miller's
27  spreadsheets contain, inter alia, figures for the following line items for fiscal years 2003
28  through 2010: (1) "Loss of units" each fiscal year, reflecting "units not sold due to

1  competition" (Miller Decl. Ex. A at 1 and n. 6); (2) "Average Price Per Unit" sold each fiscal
2  year (id. and n. 7); and (3) "Target Price per Unit," which "refers to the $25 list price of
3  [Oculus's] 5L units Oculus was bidding on and receiving in the past" (id. and n. 8).  Miller,
4  however, does not identify the type of records he reviewed to obtain such figures, nor does
5  he explain how he calculated the losses claimed.

6  Second, the spreadsheets appear to contain mathematical errors.  In particular, the
7  figures given for "Total Sales," a line item that purportedly "represents the total number of
8  5L units multiplied by the average price" (see id. and n. 4), appear to be inconsistent with
9  the product of "Total 5L units" and "Average Price per Unit" as listed on the spreadsheet.
10  For Fiscal Year 2006, for example, the "Total 5L units" listed is "18,792," and the "Average
11  Price per Unit" listed is "7.0," the product of which is 131,544; the figure for "Total Sales" as
12  listed on the spreadsheet, however, is "396,569."  (Ex. A at 1.)  Similarly, for Fiscal Year
13  2010, the "Total 5L units" listed is "78,304," and the "Average Price per Unit" listed is "14.0,"
14  the product of which is 1,096,256; the figure for "Total Sales" as listed on the spreadsheet,
15  however, is "1,224,395."  (Id.)[3]

## II. Propriety of Award of Both Injunctive Relief and Damages for Future Losses

17  Oculus seeks damages for future "projected losses" and future "continuing losses"
18  for fiscal years 2011 through 2025 (Miller Decl. ¶¶ 4-6, and Ex. A, 2-4) while at the same
19  time seeking injunctive relief prohibiting "continued misappropriation of Plaintiff's
20  Confidential Information and continued infringement of Plaintiff's products."  (See Pl.'s
21  Appl., 2.)  Oculus cites to no authority in support of its position that a party may obtain both
22  injunctive relief and a damages award for future losses stemming from the enjoined
23  conduct.  Indeed, relevant authority would appear to be to the contrary.  See Lemat Corp.
24  v. Barry, 275 Cal. App. 2d 671, 679 (1969) (noting, "[t]he general rule is that a plaintiff in an
25  injunction suit is entitled to no more than relief consisting of an injunction against future
26  injury and damages for past injury").  The Court will, however, afford Oculus leave to file

---

28  [3]The above examples are provided for illustrative purposes and are not intended to set forth all matters requiring further elaboration.

3

supplemental briefing regarding its entitlement, if any, to an award of both such forms of relief.

**III.  Form of Permanent Injunction**

Oculus has not submitted a proposed permanent injunction.  The Court will, however, afford Oculus leave to file a proposed injunction.

## CONCLUSION

For the reasons stated above, the Court hereby DEFERS ruling on Oculus's application for default judgment, and will afford Oculus an opportunity to supplement its motion.  Specifically, Oculus is hereby afforded leave to file, no later than October 8, 2010, a supplemental memorandum and one or more supplemental declarations to address the above-referenced deficiencies.  Oculus's request for a hearing is hereby DENIED, and, as of October 8, 2010, the matter will stand submitted.

If Oculus fails to file a timely supplement to its application, the Court will deny Oculus's application for default judgment in its entirety.  If Oculus files a timely supplement but fails to submit therewith a proposed injunction, the Court will deem such failure an abandonment of the request for injunctive relief.

In light of the above, the Case Management Conference scheduled for September 10, 2010 is CONTINUED to December 10, 2010.

**IT IS SO ORDERED.**

Dated:  September 8, 2010

_____
MAXINE M. CHESNEY
United States District Judge

4